Ekwan E. Rhow - State Bar No. 174604
   eer@birdmarella.com
David I. Hurwitz - State Bar No. 174632
   dih@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT,
   NESSIM, DROOKS & LINCENBERG, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile:  (310) 201-2110

Attorneys for Defendant Samsung
Telecommunications America, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| LAURA CARWILE, individually and on behalf of others similarly situated,<br><br>       Plaintiff,<br><br>    vs.<br><br>SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>       Defendant. | CASE NO. 2:12-CV-05660-CJC (JRPx)<br><br>**DEFENDANT SAMSUNG TELECOMMUNICATIONS AMERICA, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   November 5, 2012<br>Time:  1:30 p.m.<br>Crtrm.: 9B<br><br>Assigned to Hon. Cormac J. Carney |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD**:

      Please take notice that on November 5, 2012 at 1:30 p.m. in Courtroom 9B of the above-entitled court, located at 411 West Fourth Street, Santa Ana, California, Defendant Samsung Telecommunications America, LLC ("STA") will, and hereby does, move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

      This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the entire record herein, and such further briefing and

1   argument as the Court may hear.

2        This motion is made following a conference of counsel in compliance with

3   Local Rule 7-3 that occurred on August 23, 2012.  The parties were not able to

4   agree on a resolution of the matters raised in this motion.

5   DATED:  September 10, 2012

6                                  Ekwan E. Rhow

                               David I. Hurwitz

7                                  BIRD, MARELLA, BOXER, WOLPERT,

8                                     NESSIM, DROOKS & LINCENBERG, P.C.

9

10                       By:     /s/ David I. Hurwitz

11                                 David I. Hurwitz

                               Attorneys for Defendant Samsung

12                                 Telecommunications America, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  INTRODUCTION .................................................................................... 1

II.  ALLEGATIONS OF PLAINTIFF'S COMPLAINT ........................................ 2

    A.  The Samsung Galaxy S Product Line and STA's Express Warranty ............................................................................................. 2

    B.  The Alleged "Defect" ...................................................................... 3

    C.  Plaintiff's Individual Allegations ................................................... 4

III.  ARGUMENT AND AUTHORITIES ........................................................... 4

    A.  Legal Standard ................................................................................ 4

    B.  Plaintiff's Strict Liability Design Defect Claim Should Be Dismissed. ......................................................................................... 5

    C.  Plaintiff's Breach of Contract and Express Warranty Claims Should Be Dismissed ..................................................................... 7

    D.  Plaintiff's Implied Warranty Claims Should Be Dismissed For Lack of Privity and for Failure to Plead that STA Failed to Repair or Replace her Phone .............................................................. 10

    E.  Plaintiff's SBA Express Warranty Claims Should Be Dismissed Because She Did Not Deliver her Phone to STA or STA's Authorized Service Facility for Repair .................................. 12

    F.  Plaintiff's MMWA Claims Should Be Dismissed Because STA Had No Opportunity to Cure the Alleged Defect ............................... 14

    G.  Plaintiff's UCL Claim Should Be Dismissed ................................. 15

        1.  The Unlawful Prong ............................................................. 15

        2.  The Unfair Prong .................................................................. 16

    H.  Plaintiff's Common Count Should Be Dismissed ............................ 17

IV.  CONCLUSION ........................................................................................ 18

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*Anunziato v. eMachines, Inc.*,
402 F. Supp. 2d 1133 (C.D. Cal. 2005)..............................................................10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..............................................................................................5

*Baba v. Hewlett-Packard Co.*,
No. C 09–05946 RS, 2010 WL 2486353 (N.D. Cal. Jan. 28, 2011).................16

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ..............................................................................................5

*Brothers v. Hewlett–Packard Co.*,
No. C–06–2254 RMW, 2007 WL 485979 (N.D. Cal. Feb. 12, 2007) ................9

*Forty-Niner Sierra Res., Inc. v. Subaru of Am., Inc.*,
416 F. Supp. 2d 861 (E.D. Cal. 2004) ..........................................................9, 13

*Garcia v. Sony Computer Entm't Am., LLC*,
C 11-02246 RS, 2012 WL 1610615 (N.D. Cal. May 8, 2012) ...................16, 17

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV
Television Litig.*,
758 F. Supp. 2d 1077 (S.D. Cal. 2010) ...................................................10, 13, 14

*In re Toyota Motor Corp. Unintended Acceleration Mktg. Sales Pracs. and
Prod. Liab. Litig.*,
754 F. Supp. 2d 1145 (C.D. Cal. 2010)..........................................................7, 9

*Lozano v. AT & T Wireless Servs., Inc.*,
504 F.3d 718 (9th Cir. 2007) ..............................................................................16

*Milicevic v. Fletcher Jones Imps., Ltd.*,
402 F.3d 912 (9th Cir. 2005) ..............................................................................14

*Oestreicher v. Alienware Corp.*,
544 F. Supp. 2d 964 (N.D. Cal. 2008)................................................................17

*Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*,
96 F.3d 1151 (9th Cir. 1996) ..............................................................................17

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
    983 F. Supp. 1303 (N.D. Cal. 1997)................................................... 15

*Stearns v. Select Comfort Retail Corp.*,
    763 F. Supp. 2d 1128 (N.D. Cal. 2010)............................................. 7

*Taliaferro v. Samsung Telecomm'ns Am., LLC*,
    Civil Action No. 3:11-cv-01119-D, 2012 WL 169704 (N.D. Tex. Jan. 19,
    2012) ...........................................................................................passim

*Tietsworth v. Sears, Roebuck & Co.*,
    720 F. Supp. 2d 1123 (N. D. Cal. 2010)............................................ 15

STATE CASES

*Camacho v. Auto. Club of So. Cal.*,
    142 Cal. App. 4th 1394 (2006) ......................................................... 16

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
    20 Cal. 4th 163 (1999)............................................................... 15, 16

*Davis v. Ford Motor Credit Co.*,
    179 Cal. App. 4th 581 (2009) ........................................................... 16

*Ibrahim v. Ford Motor Co.*,
    214 Cal. App. 3d 878 (1989) ............................................................ 14

*Jimenez v. Super. Ct.*,
    29 Cal. 4th 473 (2002) .................................................................. 5, 6

*Kaplan v. Coldwell Banker Residential Affiliates, Inc.*,
    59 Cal. App. 4th 741 (1997) ............................................................ 12

*McCabe v. Am. Honda Motor Co.*,
    100 Cal. App. 4th 1111 (2002).......................................................6, 7

*McKell v. Washington Mut., Inc.*,
    142 Cal. App. 4th 1457 (2006) ......................................................... 16

*Petersen v. Securities Settlement Corp.*,
    226 Cal. App. 3d 1445 (1991) .......................................................... 12

*Robertson v. Fleetwood Travel Trailers of Cal., Inc.*,
    144 Cal. App. 4th 785 (2006) ........................................................... 13

DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
   34 Cal. 4th 979 (2004) ................................................................ 5, 6

*Wickham v. Southland Corp.*,
   168 Cal. App. 3d 49 (1985) .......................................................... 11

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 et seq. .......................................... 15

Cal. Civ. Code § 1793.2 ................................................................. 13

Cal. Civ. Code § 1793.3 ....................................................... 8, 9, 13, 14

Cal. Civ. Code § 1793.5 ........................................................... 9, 13, 14

Cal. Civ. Code § 2300 .................................................................... 12

Cal. Civ. Code § 2315 .................................................................... 12

Cal. Civ. Code § 2318 .................................................................... 12

Cal. Civ. Code § 2334 .................................................................... 12

Cal. Com. Code § 2719(1)(b) ......................................................... 10

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ......................................... 2

DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

In response to Plaintiff's Complaint in this Court, Samsung Telecommunications America, LLC ("STA") has filed two motions: (1) a motion to compel arbitration, and (2) this motion to dismiss.  STA respectfully requests that the Court consider STA's motion to compel arbitration first, then (if necessary) STA's motion to dismiss.

As explained below, Plaintiff's complaint is virtually identical to which is virtually identical to the Complaint filed in another case pending before this Court, *Shane Galitski v. Samsung Telecommunications America, LLC,* Case No. 8:CV-12-00903-CJC (JRPx).  And as explained in detail in the motions filed in *Galitski,*[1] the *Galitski* complaint itself is virtually identical to a complaint previously filed by plaintiffs Taliaferro and Newbold against defendant in the Northern District of Texas, and which Chief Judge Fitzwater largely dismissed, before those plaintiffs voluntarily dismissed their Texas case and re-filed it in this Court.  *See Taliaferro v. Samsung Telecomm'ns Am., LLC*, Civil Action No. 3:11-cv-01119-D, 2012 WL 169704 (N.D. Tex. Jan. 19, 2012).  The Complaint here should be dismissed for the same reasons that the Texas district court previously dismissed the *Taliaferro* complaint.

Plaintiff here purports to represent a class of "[a]ll persons who, while residing in California since June 20, 2012, purchased one or more Samsung Galaxy S mobile phones from Samsung or its authorized retailer sellers and experienced a software or hardware defect, which causes the phones to randomly freeze, shut down, and power-off, or are likely to experience the defect during the useful life of the phone."  Compl. at ¶ 43.  Plaintiff alleges that "Defendant's Galaxy S mobile

---

[1]      STA has filed motions to transfer the *Galitski* action to the Northern District of Texas, or in the alternative to compel arbitration or dismiss the complaint.

phones suffer from a software or hardware defect, which causes the phones to randomly freeze, shut down, and power-off while in standby mode, rendering the phones inoperable and unfit for their intended use and purpose." *Id.* at ¶ 2.  Plaintiff also alleges that she "repeatedly attempted to have her defective phone repaired or replaced under Samsung's warranties prior to filing this action." *Id.* at ¶ 4.

Plaintiff's Complaint fails to plead plausible claims upon which relief can be granted.  Plaintiff's refusal to grant STA, as opposed to her wireless carrier, an opportunity to repair or replace her phone prior to filing suit dooms her ability to plead plausible warranty claims upon which relief can be granted.  She has also failed to allege facts sufficient to state a plausible design defect claim.  Thus, Plaintiff's claims for strict liability-design defect, breach of contract, breach of express and implied warranties, violations of the Song Beverly Act, the Magnuson Moss Warranty Act, the Unfair Competition Law, and common counts should all be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   ALLEGATIONS OF PLAINTIFF'S COMPLAINT

The allegations of the complaint, which STA accepts as true solely for purposes of this Motion to Dismiss, are as follows:

### A.   The Samsung Galaxy S Product Line and STA's Express Warranty

STA produces a line of "smartphones" called "Samsung Galaxy S," which use the Google Android operating system and can run applications.  Compl. at ¶¶ 16-17.  Different models of Samsung's Galaxy S smartphones are made to work with a particular independent wireless service provider; for instance, the Captivate works with AT&T, the Vibrant with T-Mobile, the Epic 4G with Sprint, and the Fascinate works with Verizon.  *Id.* at ¶ 16.  Plaintiff alleges that STA gave express warranties "through issuing its written warranty accompanying its Samsung Galaxy S phones."  *Id.* at ¶ 74 and Complaint, Exhibit A.  Further, "[t]he warranty included with Plaintiff's and Class members' phones expressly represented Samsung's Galaxy S Phones were 'free from defects in material and workmanship under

1   normal use and service' for one year from purchase, covering defects in both

2   hardware and software."  *Id.* at ¶ 75.  Specifically, STA's Standard Limited

3   Warranty ("Warranty") provides:

4   **What is Covered and For How Long?**  [STA] warrants to the original

5   purchaser ("Purchaser") that [STA's] phones and accessories

6   ("Products") are free from defects in material and workmanship under

7   normal use and service for the period commencing upon the date of

8   purchase and continuing for the following specified period of time after

9   that date:

10  Phone                          1 Year

11  . . . .

12  **What are [STA's] Obligations?**  During the applicable warranty

13  period, [STA] will repair or replace, at [STA's] sole option, without

14  charge to Purchaser, any defective component part of Product.   To

15  obtain service under this Limited Warranty, Purchaser must return

16  Product to an authorized phone service facility in an adequate container

17  for shipping, accompanied by Purchaser's sales receipt or comparable

18  substitute proof of sale showing the original date of purchase, the serial

19  number of Product and the sellers' name and address.  To obtain

20  assistance on where to deliver the Product, call Samsung Customer

21  Care at 1-888-997-4357. Upon receipt, [STA] will promptly repair or

22  replace the defective Product.

23  *See* Complaint, Exhibit A.

24      **B.    The Alleged "Defect"**

25      Plaintiff alleges that Samsung Galaxy S smartphones "suffer from a software

26  or hardware defect, which causes the phones to randomly freeze, shut down, and

27  power-off while in standby mode, rendering the phones inoperable and unfit for

28  their intended use and purpose."  *Id.* at ¶ 2.  Plaintiff alleges that: "To operate a

1  phone that experiences the defect, a consumer must remove the battery from the
2  Galaxy S phone, reinsert it, and power the phone back on." *Id.* at ¶ 21.  Plaintiff
3  further alleges that "[s]oon after the Samsung Galaxy S phones were released in
4  Summer 2010, consumers lodged complaints about their experiences with the
5  defect." *Id.* at ¶ 19.

6      **C.    Plaintiff's Individual Allegations**

7          Carwile purchased a Samsung Galaxy S Epic 4G phone on or about
8  December 6, 2011 at a Sprint Store in La Habra, California.  *Id.* at ¶ 28.  In May
9  2012, her phone began to experience the defect and she took her phone back to the
10  La Habra Sprint Store to have it repaired or replaced.  *Id.*  Sprint attempted to
11  resolve the defect with a system reboot and/or software patch, but she experienced
12  the same defect shortly thereafter.  *Id.*  On June 15, 2012, Carwile took her phone to
13  the La Habra Sprint store, where they again unsuccessfully tried to resolve the
14  defect. *Id.*

15          Notably, Carwile does not allege that she ever asked STA (as opposed to her
16  wireless service carrier, Sprint) to repair or replace her phone, nor does she allege
17  that she was informed by Samsung Customer Care at 1-888-997-4357 to return her
18  phone for warranty repair to Sprint.[2]

19  **III.   ARGUMENT AND AUTHORITIES**

20      **A.    Legal Standard**

21          In resolving a Rule 12(b)(6) motion, the Court must follow a two-pronged
22  approach.  First, the Court must accept all well-pleaded factual allegations as true,
23  but "[t]hread-bare recitals of the elements of a cause of action, supported by mere

---

25  [2]   Moreover, Plaintiff does not allege that she returned her phone to an authorized
26  phone service facility in an adequate container for shipping with her sales receipts or
    substitute proofs of sale showing the original dates of purchase, the serial number of
27  the phone and her name and address—as required by the Warranty.  *See* Complaint
28  Ex. A.

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Nor must the Court "accept as true a legal conclusion couched as a factual allegation." *Id.* at 678; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 552 U.S. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief," and it must be dismissed. *Id.* at 679 (alteration omitted).

## B.   Plaintiff's Strict Liability Design Defect Claim Should Be Dismissed.

Plaintiff's First Cause of Action must be dismissed because it improperly attempts to import strict liability rules from tort law where the claims are properly governed by warranty. Plaintiff's claim is barred by the economic loss rule. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004).

As the California Supreme Court explained, "Where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only 'economic' losses. This doctrine hinges on a distinction drawn between transactions involving the sale of goods for commercial purposes where economic expectations are protected by commercial and contract law, and those involving the sale of defective products to individual consumers who are injured in a manner which has traditionally been remedied by resort to the law of torts." *Id.*, 34 Cal. 4th at 988.

The California Supreme Court explained the rationale for the economic loss rule in *Jimenez v. Super. Ct.*, 29 Cal. 4th 473, 483 (2002) as follows: "The

1  distinction that the law has drawn between tort recovery for physical injuries and

2  warranty recovery for economic loss is not arbitrary and does not rest on the 'luck'

3  of one plaintiff in having an accident causing physical injury.  The distinction rests,

4  rather, on an understanding of the nature of the responsibility a manufacturer must

5  undertake in distributing his products." *Id.*, 29 Cal. 4th at 483.

6       Thus, "recovery under the doctrine of strict liability is limited solely to

7  'physical harm to person or property.' Damages available under strict products

8  liability do not include economic loss, which includes 'damages for inadequate

9  value, costs of repair and replacement of the defective product or consequent loss of

10 profits—without any claim of personal injury or damages to other property....." *Id.*

11 29 Cal. 4th at 482-83.

12      In summary, the economic loss rule allows a plaintiff to recover in strict

13 products liability in tort when a product defect causes damage to 'other property,'

14 that is, property *other than the product itself.*  The law of contractual warranty

15 governs damage to the product itself. *Id.*, 29 Cal. 4th at 482–483; *Robinson*

16 *Helicopter Co.*, 34 Cal. 4th at 988-89.

17      Thus, the economic loss rule bars Plaintiff's recovery on a strict liability

18 theory here.  She does not claim that she suffered any physical injury to herself or to

19 any other property from her defective phone.  Rather, the damages claimed are for

20 inadequate value, costs of repair and replacement of the defective product.

21      In addition, Plaintiff's Complaint does not allege facts sufficient to create a

22 plausible inference that the defect results from a defective design, rather than

23 defective manufacture, of the phones.  The Complaint alleges no facts at all to

24 suggest a design flaw. *See, e.g., McCabe v. Am. Honda Motor Co.*, 100 Cal. App.

25 4th 1111, 1119-20 (2002) (contrasting the two distinct categories of product defects:

26 manufacturing defects and design defects).  As the court explained: "A

27 manufacturing defect exists when an item is produced in a substandard condition. . .

28 A design defect, in contrast, exists when the product is built in accordance with its

1   intended specifications, but the design itself is inherently defective." *Id.*

2   **C.   Plaintiff's Breach of Contract and Express Warranty Claims**
3   **Should Be Dismissed**

4   Plaintiff's Complaint unsuccessfully pleads two separate causes of action for

5   breach of contract and breach of warranty.[3]  Plaintiff fails to plead that she satisfied

6   the contractual precondition to her contractual claims—*i.e.*, that she returned her

7   phone to an STA authorized phone service facility for repair or replacement as

8   required by the Warranty.

9   Under California law, "[t]o plead a claim for breach of express warranty, the

10  buyer must allege that the seller (1) made an affirmation of fact or promise or

11  provided a description of its goods; (2) the promise or description formed part of the

12  basis of the bargain; (3) the express warranty was breached; and (4) the breach

13  caused injury to the plaintiff." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp.

14  2d 1128, 1142 (N.D. Cal. 2010).  Accordingly, Plaintiff cannot state a claim for

15  breach of express warranty unless she alleges that she satisfied the conditions

16  precedent prescribed by the express warranty, which requires the purchaser to

17  "return product to an authorized phone service facility." *See* Exhibit A; *In re Toyota*

18  *Motor Corp. Unintended Acceleration Mktg. Sales Pracs. and Prod. Liab. Litig.*,

19  754 F. Supp. 2d 1145, 1179 (C.D. Cal. 2010) (holding that Plaintiff who did not take

20  their vehicles to authorized Toyota dealership for repair, as warranty required, could

21  not pursue claim for breach of express warranty).

22  The Texas Court in *Taliaferro* dismissed virtually identical express warranty

23  claims for failure to plead facts satisfying this condition precedent.  *Taliaferro*, 2012

24  WL 169704, at *2.  Simply alleging that plaintiffs had returned their phones to their

25  wireless service carrier, the Court held, did not show that plaintiffs had returned

---

26  [3]   The only contract alleged between Plaintiff and STA is the express warranty.
27  Compl. at ¶¶ 62-63.  No other terms are alleged so STA addresses the two causes of
28  action together.

their phones to an STA authorized phone service facility.  *Id.*, at *2 ("[plaintiff] has not satisfied the contractual precondition to recovery under the express warranty" because he "does  not specifically allege that he returned his phone to 'authorized phone service facility' of STA, as the warranty requires").  In this complaint, Plaintiff likewise fails to allege sufficient facts showing that she returned her phone to an STA authorized phone service facility, as required by the Warranty.

Here, Plaintiff alleges that she took her phone to her phone carrier, Sprint.  Compl. at ¶ 28.  Plaintiff then alleges that Sprint is an STA "authorized phone service facility" under the Warranty, such that return of her phone to Sprint satisfies the contractual precondition.  *Id.* at ¶¶ 35-38.  Plaintiff alleges that returning her phone to Sprint satisfied the condition precedent because "the warranty does not specify what constitutes an 'authorized phone service facility.'"  *Id.* at ¶ 36.

The Complaint, including the attached Warranty, however, fails to support such a conclusion.  According to the Warranty, consumers can find "authorized phone service facilities" by calling a toll free number—Samsung Customer Care at 1-888-987- 4357.  *See* Complaint, Exhibit A.  Plaintiff alleges that "it was Samsung's custom to inform customers to take their phones to their local phone carriers for service."  Compl. at ¶ 36.  She does not allege however that she actually called this number or that Samsung told her to take her phone to Sprint.  Thus, because Plaintiff failed to allege that she returned her phone to a service facility identified by Samsung Customer Care, Plaintiff failed to allege sufficient facts showing that she satisfied the condition precedent.

Finally, Plaintiff alleges that she was in compliance with the Warranty precondition because California Civil Code § 1793.3 permits her to return nonconforming goods to the retail seller.  Compl. at ¶ 78.  First, Plaintiff's logic is flawed.  Compliance with the statute does not equate to compliance with the Warranty's precondition.  Second, Plaintiff's allegations regarding California Civil Code § 1793.3 further demonstrate that Plaintiff did not comply with the

precondition. Plaintiff avers that she returned her phone to a Section 1793.3 retail seller, which is not the same thing as an authorized service facility. Rather, a Section 1793.3 retail seller is where the consumer can go when there are no authorized service facilities in the state. *See* Cal. Civ. Code § 1793.3. A Section 1793.3 retail seller, therefore, is contrasted with and distinct from an authorized service facility. *See id.; Forty-Niner Sierra Res., Inc. v. Subaru of Am., Inc.*, 416 F. Supp. 2d 861 (E.D. Cal. 2004) (holding that those retailers who provide repair services under § 1793.3 (and can obtain relief under § 1793.5) are not authorized repair facilities). Thus, by pleading that she took her phone to a Section 1793.3 retail seller, Plaintiff avers that Sprint is not an STA authorized phone service facility. Plaintiff attempts to buttress her allegation by pleading that STA has not designated any authorized phone service facilities in California. Compl. at ¶ 78 ("According to Samsung, its only authorized phone service center is in Texas."). But if, as Plaintiff alleges, STA has not designated any authorized phone service facilities in California, then it follows that the local phone carrier to which Plaintiff took her phone in California was not an STA authorized phone service facility.

Plaintiff's express warranty claim is also inconsistent with her allegations that her phone is defective based on its design. By its express terms, the warranty states that the phones are "free from *defects in material and workmanship* under normal use and service for the period" of one year from the date of purchase. *See* Complaint, Exhibit A (emphasis added). This warranty covers defects in the manufacture of the phones, not alleged defects in the design of the phones. *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig.*, 754 F. Supp. 2d 1145, 1180-81 (C.D. Cal. 2010) (ruling that an express written warranty covering "materials and workmanship" does not include design defects); *Brothers v. Hewlett–Packard Co.,* No. C–06–2254 RMW, 2007 WL 485979, at *4 (N.D. Cal. Feb. 12, 2007) (rejecting a breach of express written warranty claim based on an alleged design defect where the warranty guaranteed

1    against defects in "materials and workmanship.").

2    **D.    Plaintiff's Implied Warranty Claims Should Be Dismissed For**

3    **Lack of Privity and for Failure to Plead that STA Failed to Repair**

4    **or Replace her Phone**

5    Plaintiff's breach of implied warranty claims brought under the Uniform

6    Commercial Code ("UCC") should be dismissed for lack of privity and failure to

7    plead that STA failed to repair or replace her phone.

8    To state a claim for breach of an implied warranty under the California UCC,

9    Plaintiff must plead vertical privity with the warrantor. *In re Sony Grand Wega*

10   *KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d

11   1077, 1100 (S.D. Cal. 2010); *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133,

12   1141–42 (C.D. Cal. 2005).  In other words, she must allege that she bought her

13   phone directly from STA, not through a reseller.

14   Plaintiff did not purchase her phone directly from STA.  Rather, she alleges

15   that she purchased her phone from Sprint. Compl. at ¶ 28.  Because there is no

16   vertical privity as required by California law, the implied warranty claim must be

17   dismissed.

18   Plaintiff has also not alleged that STA failed to provide the only remedy it is

19   obligated to provide under the UCC — repair and replacement of her phone.  Under

20   the UCC, if a remedy is "expressly agreed to be exclusive . . . it is the sole remedy"

21   available for breach of implied warranty.   Cal. Com. Code § 2719(1)(b). Here, the

22   Warranty limits remedies to "repair and replace[ment]." *See* Complaint, Exhibit A;

23   *Taliaferro*, 2012 WL 169704, at *4 fn. 10.  Accordingly, the sole remedy for breach

24   of implied warranty under the UCC is repair or replacement of her allegedly

25   defective phone.

26   Plaintiff has not alleged that she provided STA with an opportunity to repair

27   or replace her phone or that STA failed to do so.  Instead, Plaintiff alleges that her

28   phone carrier, Sprint, was unable or unwilling to repair her phone or to provide her

1  with a non-defective replacement when given the opportunity.  Compl. at ¶ 28.

2  Accordingly, Plaintiff's allegations, at most, show that Sprint was unsuccessful in

3  remedying the alleged defect, and the viability of Plaintiff's breach of implied

4  warranty claims against STA turns on whether STA can be held liable for the phone

5  carrier's conduct.  In short, Plaintiff's implied warranty claims depend on whether

6  Sprint was STA's agent.  The existence of agency is a factual question, but where

7  the essential facts are not in conflict, it may be decided as a matter of law.  *Wickham*

8  *v. Southland Corp.*, 168 Cal. App. 3d 49, 59 (1985).  An actual agency arises where

9  there is evidence of the actual intent of the parties manifested by their words or

10 conduct to create an agency relationship.  The hallmark of an agency relationship is

11 that the principal has the power to control the manner and means of performance.

12 *Id.*

13        As discussed above, Plaintiff has failed to sufficient enough facts to show that

14 Sprint was STA's agent.  Under the terms of the Warranty, STA's agents for

15 warranty repair and replacement are determined by calling Samsung Customer Care

16 at the listed toll-free number.  Plaintiff fails to plead that she called this number and

17 her phone carrier was thereby identified as an authorized phone service facility.

18 Moreover, Plaintiff pleads no facts showing that STA controlled the manner and

19 means of the phone carrier's repairs and replacements.  *See, e.g., Wickham*, 168 Cal.

20 App. 3d at 59 (identifying facts that show agency relationship, none of which are

21 present in Plaintiff's complaint).

22        In addition to failing to plead facts showing actual agency, Plaintiff fails to

23 plead facts showing ostensible agency.  "In order to recover from the principal for

24 the act of an ostensible agent, the person dealing with the agent must do so with

25 belief in the agent's authority and this belief must be reasonable one; such belief

26 must be generated by some act or neglect of the principal sought to be charged; and

27 the third person in relying on the agent's apparent authority must not be guilty of

28 negligence."  *Kaplan v. Coldwell Banker Residential Affiliates, Inc.*, 59 Cal. App.

4th 741 (1997); Cal. Civ. Code §§ 2300, 2318, 2334.  Notably, "ostensible agency requires more than just a reasonable belief by the third party, based on the ostensible agent's acts, that the ostensible agent has authority to act on the principal's behalf.  Ostensible authority must be based upon acts or declarations of the principal and not the conduct or representations of the alleged agent."  *Petersen v. Securities Settlement Corp.*, 226 Cal. App. 3d 1445, 1452 (1991) (internal quotations marks and citation omitted).  An agent only has such authority as the principal, actually or ostensibly, confers upon him.  Cal. Civ. Code § 2315.

Here, Plaintiff alleges that "it was Samsung's custom to inform customers to take their phones to their local phone carriers for service."  Compl. at ¶ 36.  She does not however allege that she actually called STA and was told to take her phone to her phone carrier for service.  Based on what the Complaint does and does not allege, Plaintiff apparently made the decision to seek assistance from Sprint without relying on any statement or conduct of STA.  Thus, she has not pled ostensible authority.

Accordingly, Plaintiff has not alleged sufficient facts showing that Sprint acted as the agent for STA such that STA can be held liable for the alleged conduct of Sprint.  Plaintiff's implied warranty claims brought under the UCC should therefore be dismissed.

**E.    Plaintiff's SBA Express Warranty Claims Should Be Dismissed Because She Did Not Deliver her Phone to STA or STA's Authorized Service Facility for Repair**

Plaintiff also fails to allege that she delivered her phone to STA or its authorized service facility for purposes of the Song Beverly Act ("SBA").  To state a claim for breach of express warranty under the SBA, the plaintiff must plead and prove the following:  (1) the product had a defect or nonconformity covered by the express warranty; (2) plaintiff delivered the product to the manufacturer (or its authorized service and repair facility) for repair; and (3) the manufacturer (or its

authorized service and repair facility) did not repair the defect or nonconformity after a reasonable number of repair attempts. *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 799 (2006); *see also* Cal. Civ. Code § 1793.2(c). Thus, the SBA places an affirmative duty on consumers to deliver a defective product to the manufacturer or its authorized service and repair facility. *In re Sony*, 758 F. Supp. 2d at 1097-98. Under the SBA, a manufacturer's authorized service facility is a service and repair facility in California that the manufacturer either "maintains" or "designates and authorizes" "to carry out the terms of [its warranty]." Cal. Civ. Code § 1793.2.

More than failing to plead sufficient facts to show that she delivered her defective phone to an STA authorized service facility per the SBA, Plaintiff affirmatively pleads facts demonstrating that she did not give her phone to an STA authorized service facility. Plaintiff pleads that she returned her phone to a Section 1793.3 retail seller, Compl. at ¶ 104, which, as discussed above, is not the same as an authorized service facility. *See* Cal. Civ. Code § 1793.3 (contrasting retailer sellers in § 1793.3 with manufacturer authorized service facilities in § 1793.2); *Forty-Niner*, 416 F. Supp. 2d at 865 (retailers who provide repair services under § 1793.3 (and can obtain relief under § 1793.5) are not authorized repair facilities under § 1793.2).

Plaintiff attempts to assert express warranty claims based on her return of the phone to a retail seller under Civil Code § 1793.3. Compl. at ¶ 104. But Plaintiff cannot do so. The SBA does not give Plaintiff a claim against STA based on a retailer's failure to make adequate repairs. Under Section 1793.3, if a consumer chooses to return his or her phone to a retailer for repair, then it is the retailer—not the manufacturer—that is obligated to repair or replace the phone. *See* Cal. Civ. Code § 1793.3 ("If the buyer returns the nonconforming consumer goods to the retail seller thereof, [t]he retail seller shall do one of the following: (1) service or repair the nonconforming good . . . (3) replace the nonconforming good . . .")." If the

13

1   retailer repairs or replaces the phone, the retailer has a claim against STA for the

2   costs thereby incurred.  *See* Cal. Civ. Code § 1793.5.

3          Thus, the only obligation that STA could incur upon Plaintiff's returning her

4   phone to Sprint is an obligation to Sprint— not to Plaintiff.  Indeed, STA is unable

5   to find a single case where a court has held a manufacturer responsible in breach of

6   warranty to the consumer for failed repair attempts made by a Section 1793.3

7   retailer.  Only the repair attempts of an agent—the manufacturer's authorized repair

8   facility—can be imputed to the manufacturer for purposes of a SBA express

9   warranty claim.  *See, e.g., Ibrahim v. Ford Motor Co.*, 214 Cal. App. 3d 878, 882

10  (1989) (considering agent's repair attempts for purposes of SBA breach-of-warranty

11  claim against manufacturer where warranty provided that "Dealer will repair,

12  replace, or adjust parts . . . found to be defective" during the warranty period).

13  Accordingly, if Plaintiff has any claim under Section 1793.3 based on the retail

14  seller's failure to repair or replace her phone, that claim would be against Sprint—

15  not STA.  Plaintiff's express warranty claim under the SBA should be dismissed.

16        **F.     Plaintiff's MMWA Claims Should Be Dismissed Because STA Had**

17                  **No Opportunity to Cure the Alleged Defect**

18        The Magnuson-Moss Warranty Act creates a federal cause of action for a

19  warrantor's failure to comply with the terms of a warranty.  *Milicevic v. Fletcher*

20  *Jones Imps., Ltd.*, 402 F.3d 912, 917-18 (9th Cir. 2005); *In re Sony*, 758 F. Supp. 2d

21  at 1101 (MMWA does not provide an independent basis for liability; it "provides a

22  federal cause of action for state law express and implied warranty claims.").

23        Before a plaintiff can bring a claim under the MMWA for breach of warranty,

24  she must give persons obligated under the warranty a reasonable opportunity to cure

25  their failure to comply with the obligations at issue.  Mere knowledge by the

26  warrantor is not enough to meet the MMWA's opportunity-to-cure requirement, and

27  that the warrantor must instead have an opportunity to cure the defect in the specific

28  product used by the plaintiff.  *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d

1123, 1143–44 (N. D. Cal. 2010) ("Even if a product is defective at the time of sale, a manufacturer would be deprived of an opportunity to cure the defect if it remains unaware when that 'latent' defect manifests itself").

Plaintiff alleges that she took her defective phone to Sprint and that Sprint could not successfully repair the defect.  Plaintiff fails to allege that she returned her phone to STA.  This is fatal to her MMWA claim.  Consequently, whether Plaintiff has sufficiently alleged satisfaction of the MMWA's opportunity-to-cure requirement turns on whether Sprint was an agent of STA such that any opportunity to cure provided to the phone carrier constitutes opportunity provided to STA. Because, as discussed above, Plaintiff has not alleged facts sufficient to show that Sprint was an agent of STA, Plaintiff has not shown that she provided STA with an opportunity to cure. Plaintiff's MMWA claims should, therefore, be dismissed.

### G.    Plaintiff's UCL Claim Should Be Dismissed

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200 et seq.  Plaintiff fails to plead sufficient facts to state a claim under any of the UCL's three prongs of unfair competition: (1) unlawful acts or practices, (2) unfair acts or practices, and (3) fraudulent acts or practices.  *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).

#### 1.    The Unlawful Prong

"By proscribing 'any unlawful' business practice, 'section 17200 'borrows' violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable."  *Cel–Tech Commc'ns*, 20 Cal. 4th at 180 (internal citations omitted).  Such allegations "must state with reasonable particularity the facts supporting the statutory elements" of the alleged violation. *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1316 (N.D. Cal. 1997).  The Complaint's allegations of unlawful business acts rely entirely on the statutory claims discussed above.  Because Plaintiff fails to state a claim for

1  violation of any other statute, Plaintiff's UCL claim should be dismissed for failure

2  to state a claim under the "unlawful" prong.  *Baba v. Hewlett-Packard Co.,* No. C

3  09–05946 RS, 2010 WL 2486353, at *5-6 (N.D. Cal. Jan. 28, 2011) (dismissing

4  UCL claim where plaintiff failed to state a claim on underlying unlawful actions).

5  **2.     The Unfair Prong**

6           California courts have developed several different formulations specifying

7  what a plaintiff must plead to allege that an act or practice is "unfair" within the

8  meaning of the UCL.  *Cel–Tech Commc'ns,* 20 Cal. 4th at 186–87 (finding of

9  unfairness must be "tethered to some legislatively declared policy or proof of some

10  actual or threatened impact on competition"); *Camacho v. Auto. Club of So. Cal.,*

11  142 Cal. App. 4th 1394, 1403 (2006) (applying test for violations of § 5 of the

12  Federal Trade Commission Act to evaluate unfair business acts or practices);

13  *McKell v. Washington Mut., Inc.,* 142 Cal. App. 4th 1457, 1473 (2006) ("business

14  practice is unfair within the meaning of the UCL if it violates established public

15  policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to

16  consumers which outweighs its benefits"); *Davis v. Ford Motor Credit Co.*, 179 Cal.

17  App. 4th 581, 598 (2009) (complaint must allege facts showing that her injury is

18  substantial, not outweighed by any countervailing benefits to consumers or to

19  competition, and could not reasonably have been avoided).

20           In *Lozano v. AT & T Wireless Servs., Inc.,* 504 F.3d 718, 736 (9th Cir. 2007),

21  the Ninth Circuit held that a consumer's claim of unfairness must be "tied to a

22  'legislatively declared' policy" or that the harm to consumers outweighs the utility

23  of the challenged conduct).  Alternatively, conduct may be deemed "unfair" if, on

24  balance, the harm it does to consumers outweighs its utility.  *Id.*, *see also Garcia v.*

25  *Sony Computer Entm't Am., LLC*, C 11-02246 RS, 2012 WL 1610615 (N.D. Cal.

26  May 8, 2012).

27           While Plaintiff's Complaint tracks formulaically the various standards

28  employed by the courts, the factual allegations of her Complaint do not support a

16

1    claim for relief based on the "unfairness" prong of the UCL.

2        Here, as in *Garcia*, Plaintiff has neglected to identify any relevant legislative

3    policy, other than those already found inapplicable, above.  Nor does the Complaint

4    allege any affirmative misrepresentations by STA.

5        Instead, the Complaint alleges in conclusory fashion that STA engaged "in

6    unfair business practices by refusing to adequately repair or recall the defective

7    Samsung Galaxy S phones or providing compensation therefor." Compl. at ¶ 127(c).

8    But the Complaint's factual allegations do not support that conclusion.  Plaintiff

9    does not allege that she ever provided STA an opportunity to repair or replace or

10   phone, and she has not alleged anything unfair about the warranty's requirement that

11   she return her phone to STA or an STA authorized service facility for replacement

12   or repair.  Accordingly, her UCL claim should be dismissed.[4]

13       ### H.    Plaintiff's Common Count Should Be Dismissed

14       Plaintiff's common count must be dismissed because it is based on an alleged

15   breach of warranty, and the presence of an express contract between the parties

16   necessarily precludes this cause of action.  *Paracor Fin., Inc. v. Gen. Elec. Cap.*

17   *Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996).  *Paracor* bars the quasi-contract claim

18   unless the Plaintiff seeks relief on an extra-contractual theory.  *See, e.g., Oestreicher*

19   *v. Alienware Corp.*, 544 F. Supp. 2d 964, 975 (N.D. Cal. 2008).

20       Plaintiff may argue that she can plead in the alternative, and that an equitable

21   count should not be dismissed merely because she cannot recover under both legal

22   and equitable causes of action.  However, as the Texas Court ruled in dismissing a

23   count for money had and received, there can be no equitable claim where both

24   parties acknowledge the existence of a valid contract.  *Taliaferro*, 2012 WL 169704,

25   at *9-10.  Thus, Plaintiff's common count must be dismissed.

26

27   _____

28   [4]   Plaintiff does not plead a claim under the fraud prong.

IV.    **CONCLUSION**

For the foregoing reasons, and in the alternative to STA's motion to compel arbitration, STA respectfully asks the Court to dismiss Plaintiff's claims with prejudice.

DATED:  September 10, 2012

Ekwan E. Rhow
David I. Hurwitz
BIRD, MARELLA, BOXER, WOLPERT,
    NESSIM, DROOKS & LINCENBERG, P.C.

By:      /s/ David I. Hurwitz

David I. Hurwitz
Attorneys for Defendant Samsung
Telecommunications America, LLC

DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT